JAMES BUSTAMANTE, CA SBN 133675
809 Montgomery, 2nd Floor
San Francisco CA 94133
Telephone: 415/394-3800

Attorney for Defendant
RODNEY ASUEGA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 08 2005

at 12 o'clock and ___ min. __M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RODNEY ASUEGA,<br><br>　　　　　　Defendant.<br>_____/ | CR 02-00098 HG<br><br>NOTICE OF MOTION AND MOTION TO CONTINUE PRETRIAL MOTIONS AND TRIAL DATES<br><br>Date:  September 12, 2005<br>Time:  ~~11:00 a.m.~~ 10:00 AM<br>Magistrate Judge Kevin S.C. Chang |

　　　　PLEASE TAKE NOTICE that at the above date and time, or as soon thereafter as the matter may be heard before the Honorable United States Magistrate Judge Kevin S.C. Chang, defendant Rodney Asuega, by and through counsel, will and hereby does move the Court to continue the pretrial motions briefing schedule and trial dates.

　　　　This motion is predicated on the files and records herein, declaration of counsel filed herewith and on any further argument and evidence presented at the hearing on this motion.

　　　　Dated:  September 7, 2005

　　　　　　　　　　　　　　　　　　　　/s/ JAMES A. BUSTAMANTE
　　　　　　　　　　　　　　　　　　　　JAMES A. BUSTAMANTE
　　　　　　　　　　　　　　　　　　　　Attorney for Defendant
　　　　　　　　　　　　　　　　　　　　RODNEY ASUEGA

JAMES BUSTAMANTE, CA SBN 133675
809 Montgomery, 2nd Floor
San Francisco CA 94133
Telephone: 415/394-3800

Attorney for Defendant
RODNEY ASUEGA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 08 2005

at \_\_ o'clock and \_\_ min. \_\_M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 02-00098 HG |
| Plaintiff, | DECLARATION OF COUNSEL IN SUPPORT OF MOTION TO CONTINUE PRETRIAL MOTIONS AND TRIAL DATES |
| v. | |
| RODNEY ASUEGA, | |
| Defendant. | |

In support of defendant Rodney Asuega's motion to continue, I, JAMES BUSTAMANTE, declare as follows:

I am an attorney licensed to practice in the State of California, and I am the attorney of record for defendant Rodney Asuega in this case.

At Rodney's initial appearance before this Court on August 11, 2005, the following schedule was set: (1) status conference and defendant's motion to continue for September 12,

1

2005 at 11:00 a.m., before Magistrate Chang; (2) motions due September 16, 2005; and, (3) trial set for October 12, 2005. Although defense counsel asked for further time before the above dates were set, this is the first request for a continuance.

As discussed in detail herein, a continuance of the motions and trial dates are necessary to permit adequate time for effective preparation and due to Rodney's unavailability, without seriously jeopardizing his health, as a result of cancer.

Rodney is charged pursuant to a four-count Indictment, filed on or about March 28, 2002, with possession with the intent to distribute cocaine base (Count One), possession with the intent to distribute cocaine (Count Two), possession with the intent to distribute methamphetamine (Count Three), and conspiracy to distribute cocaine base, cocaine and methamphetamine (Count Four).

Rodney was arrested in California for these offenses, on or about March 10, 2005. On May 26, 2005, Rodney was ordered released on a $540,000 secured property bond, by the Magistrate Judge for the Northern District of California. The government did not request a review of this release order. Rodney is subject to very stringent conditions or release, including, but not limited to, Global Positioning Systems (GPS) electronic monitoring, wherein, at the direction of Pretrial, he is only permitted to leave the residence for medical appointments,

meetings with counsel, Pretrial Services or Court. His supervising Pretrial Services Officer, Mike Reis, from the Central District of California, advised counsel that Rodney is in full compliance with his conditions of release.

   Rodney, who is only thirty-five years of age, was diagnosed with Stage III colorectal cancer in late 2004, after having emergency surgery. After the surgery, Rodney underwent his first series radiation and chemotherapy, which he completed on or about February 28, 2005. Pursuant to information furnished by Dr. Ault, a specialist in colorectal surgery at the University of California Norris Cancer Center and Hospital, several colonoscopies were preformed which "documented alarming findings", including a large mass in the colon, raising concerns that the cancer may have spread. Additionally, a biopsy showed possible inflammatory bowel disease and an underlying diagnosis of Ulcerative Colitis. A second surgery was scheduled to be preformed by Dr. Ault, on May 13, 2005. As Dr. Ault stated, "the practice and accepted standard of care is to proceed with definitive surgical treatment in a period of 6 to 8 weeks" after completion of radiation and chemotherapy.

   Rodney was arrested on May 10, 2005, three days before his surgery was scheduled with Dr. Ault. Although the surgery was delayed beyond the optimum time due to his arrest and incarceration, following Rodney's release on bail, the surgery

was preformed by Dr. Ault. This surgery removed Rodney's entire colon and rectum. Following the surgery, Rodney has had three post-surgery follow-up appointments with Dr. Ault, the last of which was on August 11, 2005. He will be scheduling a fourth appointment with Dr. Ault later this week.

The third surgery, to reconstruct Rodney's rectum using an ileal-anal pouch formation, will not be scheduled by Dr. Ault until after chemotherapy. Dr. Ault stated that he is unsure of the timing of this because the Oncologist delivers the chemotherapy, but he anticipated that it may roughly take six months, from the start of the chemotherapy.

On July 12, 2005, Rodney Asuega was evaluated by the Los Angeles County Medical Center, Medical Oncologist, Dr. Casey O'Connell. Dr. O'Connell determined, that prior to giving Rodney Asuega chemotherapy, he needed a "staging CT scan" and a "PICC line", which is a special IV to deliver the chemotherapy. On July 20, 2005, Rodney had a CT exam at USC University Hospital.

On August 2, 2005, he saw Dr. O'Connell for the second time. She advised him of her concern with his distended bladder, which she saw on the CT scan, thus, scheduling an appointment for Rodney at the Department of Urology the following day. According to Dr. O'Connell, Rodney was evaluated by the Department of Urology for bilateral hydronephrosis, for which stints were placed in Rodney's ureters to maintain adequate urine

output and to prevent renal insufficiency. Rodney has an appointment on December 7, for the Urologist to determine whether he will remove or change the stints.

On August 9, 2005, Rodney saw Dr. O'Connell for the third time, to further discuss concerns and his chemotherapy schedule. On August 10, 2005, Rodney began his chemotherapy. He must go to USC hospital every other week, on Thursdays, for chemotherapy for a total of about six months. Rodney's second round of chemotherapy was on Thursday, August 25. Dr. O'Connell advised counsel that the plan is to cycle the "5-FU and Oxaliplatin" every two weeks.

Furthermore, the day before each chemotherapy appointment, Rodney needs to have his blood drawn. On the day of the chemotherapy, he checks in at the infusion clinic at 8:00 a.m. and the visits last about four to six hours. He is sent home with a pump that releases the chemotherapy into his PICC line over the course of two days.

As a result of the chemotherapy, Rodney's is suffering from, extreme fatigue, nausea, lack of appetite, hair loss, chills and dry skin. He has developed a rash around his PICC line, causing additional discomfort and requiring him to change go in to have the dressing for the PICC line changed every Thursday. Rodney's most recent visit with Dr. O'Connell was on August 30, 2005. At his weigh in, it was learned that he has

5

lost ten pounds since beginning his chemotherapy treatment.

Dr. O'Connell advised Rodney on August 30 that at the midpoint of his chemotherapy treatment, he will require another CT scan to determine if the stint placements in the ureters relieved her concerns about his bladder and kidneys. His next appointment at the oncology clinic is scheduled for September 27, 2005.

In addition to other medications, the medications Rodney takes for his pain are oxycotin and vicodin.

Dr. O'Connell advised counsel that she does not recommend that Rodney leave the local area at this time. Dr. O'Connell reports that it is her opinion that he should not fly to Hawaii "both because I do not want him to have any delays in his chemo, but also because he should be under medical supervision for his chemo-related side effects. Furthermore, he will not begin anticoagulation until I am sure he is not at risk for bleeding and until that time, long airplane flights would increase his risk of worsening the venous clot." As Dr. O'Connell previously reported, Rodney's IVC filter is in without anticoagulation and he has severe anemia and a history of blood loss. A prolonged airplane flight would increase his already elevated risk of recurrent venous thromboembolism.

The defense is in no way attempting to avoid or delay this case and Rodney clearly understands the serious charges he

6

is facing and his responsibility to proceed as soon as possible with this case. However, at this time it is simply not possible for Rodney to safely travel to Hawaii without jeopardizing his health and treatment plan.

In addition, a continuance and further time is needed for effective preparation of this case, including, but not limited to, the need to obtain and review all discovery[1]; conduct defense investigation; research and draft pretrial motions. The defense does not request this continuance simply for delay, but respectfully petitions this Court to allow Rodney adequate time for counsel to prepare motions and for trial and provide effective representation. Therefore, in order that Rodney's constitutional rights to counsel be protected, including his due process rights, right to effective assistance of counsel and a reasonable opportunity to prepare his defense, good cause exists to grant this requested continuance.

Time should be excluded in computing the time within which the trial of the above criminal prosecution must commence for purposes of the Speedy Trial Act, in order to provide counsel for defendant with the reasonable time necessary for effective preparation and to provide for continuity of counsel, pursuant to

---

[1] Attorney James Bustamante has requested discovery from Assistant U.S. Attorney Thomas Brady. He plans to pick up a copy of the initial discovery at the time of the appearance in this matter.

Title 18 U.S.C. § 3161(h)(8)(B)(iv).

In addition, time should be excluded under § 3161(h)(1)(A), due to the physical incapacity of the defendant. This section provides for exclusion of time, as follows: "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity of defendant". Contrary to mental competency, "no statutory standard exists for a judicial determination as to whether a defendant is *physically* incompetent to stand trial." United States v. Reddy, 2003 U.S.Dist.Lexis 18260 (SDNY 2003), *citing*, United States v. Jones, 876 F.Supp. 395, 397 (NDNY 1995). The Second Circuit has held that tat the granting of a motion to continue on the ground that the defendant is physically incompetent to stand trial falls within the sound discretion of the trial court. *Id.; See also*, United States v. Brown, 821 F.2d 986, 988 (4th Cir. 1987).

The following five factors have been identified in determining whether a defendant is physically competent to stand trial:

(1) the medical evidence;

(2) defendant's activities outside the courthouse;

(3) the possibility of measures to minimize the risks to defendant's health in subjecting him to trial;

(4) the temporary or permanent character of the

physical problem, since postponement is relatively easy, bearable and obvious measure for the case of curable impairments; and,

(5) the magnitude and seriousness of the case -- i.e., the degree of loss or injury to the public interest deemed to result from delay or total preclusion of a trial.

See, e.g., United States v. Doran, 328 F.Supp. 1261, 1263 at (S.D.N.Y. 1971); See also, Reddy, 2003 U.S.Dist.Lexis *8-10; Brown, 821 F.2d at 988.

In Reddy, after carefully examining the five factors listed above, the court held that defendant, suffering from Stage IV lung cancer, was not physically competent to stand trial. Id. at 18. In so holding the Court decided not to schedule the trial at that time since, (1) the trial would present a substantial danger to the defendant's health and that the defendant's physical condition; (2) the current treatment regimen rendered the effective ability to render a trial highly impracticable, if not impossible; and, (3) the cognitive impairments from the defendant's condition and treatment infringed upon defendant's ability to effectively exercise his Sixth Amendment right to assist counsel and Fifth Amendment right to due process. Id. at *18-19.

Consideration of these factors warrant the granting of the requested continuance in the instant case. Therefore, for the foregoing reasons and any additional evidence and argument to be presented at the hearing on this motion, this Court is

respectfully requested to grant this motion to continue and to exclude time from the speedy trial clock.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed on September 7, 2005, at San Francisco, California.

JAMES BUSTAMANTE

PROOF OF SERVICE

The undersigned declares:

I am a citizen of the United States. My business address is 809 Montgomery Street, 2nd Floor, San Francisco, California 94133. I am over the age of eighteen years and not a party to the within action.

On the date set forth below, I caused a true copy of the within

NOTICE OF MOTION AND MOTION TO CONTINUE
PRETRIAL MOTIONS AND TRIAL DATES

to be served on the following parties in the following manner:

Mail _____   Overnight mail _____   Personal service _____   Fax  X


Tom Brady
U.S. Attorney's Office
300 Ala Moana Blvd, Room 6-100
Honolulu HI 96850
Tel 808/541-2850
    · 2958 FAX


I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed on September 7, 2005, at San Francisco, California.

