ORIGINAL

JAMES BUSTAMANTE, CA SBN 133675
809 Montgomery, 2nd Floor
San Francisco CA 94133
Telephone: 415/394-3800

Attorney for Defendant
RODNEY ASUEGA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 2 1 2006

at __ o'clock and __ min. __ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

UNITED STATES OF AMERICA,

                    Plaintiff,

          v.

RODNEY ASUEGA,

                    Defendant.
_____/

No. CR 02-00098 HG

DECLARATION OF COUNSEL
IN SUPPORT OF STIPULATION
AND ORDER MODIFYING
CONDITIONS OF RELEASE

          In support of the parties stipulated request for
modification of defendant Rodney Asuega's pretrial release
conditions, I, JAMES BUSTAMANTE, declare as follows:

          I am an attorney licensed to practice in the State of
California, and I am the attorney of record for defendant Rodney
Asuega in this case.

          For the reasons set forth herein, as well as, based
on the files and records in this case, the parties stipulate to a
modification of Rodney Asuega's pretrial release conditions,
eliminating electronic monitoring and allowing him to leave his

1

residence with prior approval of Pretrial Services.

Rodney was diagnosed with Stage III colorectal cancer in late 2004.  He has undergone multiple series of radiation and chemotherapy, as well as surgeries.  Unfortunately the cancer has developed to Stage IV and Rodney's health has severely deteriorated.

The following information is based on a review of medical records; my associate Alexandra Rahn's telephone conversation with surgeon, Gregory A. Chambers, M.D.; the discharge records from LA County Hospital, U.S.C. Medical Center, for discharge date of September 28, 2006 and for discharge date of October 31, 2006[1]; my telephone conversation with Glenn T. Ault, M.D., M.S.Ed., on November 1, 2006; and the attached memorandum from Glenn T. Ault, M.D., M.S.Ed (See Exhibit A); as well as numerous telephone conversations and correspondence with Rodney's fiancé and surety Faustine Filimona.

On August 1, 2006, Rodney was taken to the emergency room at California Hospital Medical Center, located in Los Angeles, California.  After an evaluation, it was determined that Rodney was suffering from acute renal failure and perforated viscus.  He was admitted to the ICU, where he received infections

---

[1] The hospital records were previously filed with the Court as Exhibits to defendant's motion to continue, filed on or about November 2, 2006, and are incorporated in full by reference herein.

disease and surgery consultation.  After discussions with his
family, it was decided that he undergo emergency surgery on
August 1 to repair small bowel perforation and to attempt to
remove perforated viscus.  Subsequent to the surgery, Rodney was
placed on life support.  Doctors prepared his family that he
might not survive.  The life support was subsequently removed and
Rodney's condition stabilized.

The day he was discharged from California Hospital
Medical Center, Rodney was admitted to LA County Hospital, U.S.C.
Medical Center, on or about September 6, 2006, from which he was
discharged on September 28, 2006.  Pursuant to this discharge
record his prognosis was "poor".  Also this discharge record
indicates that the cancer has metastasized to his "lung and
liver".

Rodney was again admitted as an in-patient at LA
County Hospital, U.S.C. Medical Center, on October 18, 2006, due
to suffering from a systemic staph infection, infecting his blood
and urine, as well as, for pain management and to attempt to
build up strength.  He was discharged on October 31, 2006.  As
with the prior discharge record, pursuant to this discharge
record his prognosis was "poor".  Rodney continues to suffer from
the staff infection, which is attempting to be controlled through
oral antibiotics.

While in the hospital, on or about October 25, 2006,
Rodney met with an Oncology team to discuss further potential

3

chemotherapy treatment.  As the memorandum from Dr. Ault states, he has "failed several regimens of chemotherapy."  (See Exhibit A.)  Prior to considering another round of chemotherapy for the recurrent cancer in his pelvis, which continues to grow, the doctors advised that his staff infections must first be controlled through treatment with antibiotics.  (See Exhibit A.)  Also, it is unclear how well Rodney will be able to tolerate another round of chemotherapy, given his very weak condition and prior problems with responding to various regiments of chemotherapy.

In addition, it is yet to be determined if further surgeries will be performed.  Dr. Ault stated that unless the size of the tumor can be reduced through chemotherapy, a surgery to remove it will not be able to be performed, since he would "most likely not survive it."  (See Exhibit A.)  However, according to Dr. Ault, "given his poor response [to chemotherapy] thus far, I sincerely doubt that surgery will be in his future." (See Exhibit A.)

Unfortunately, according to Dr. Ault, Rodney's current prognosis is "extremely poor".  (See Exhibit A.)  Dr. Ault goes on to state the following:

> We have even discussed hospice placement for Mr. Asuega.  It is difficult certainly to put a time frame as to what his survival would be, but I can assure you that things do not look favorable for any kind of decent recovery

> at this point. ...
>
> One of the most important issues
> facing him in the near future is
> to maintain his nutrition and
> strength. It is important for
> him to maintain a high calorie,
> healthy diet and to exercise to
> maintain some muscle mass.

(See Exhibit A.)

Some of Rodney's current symptoms include, severely decreased mobility, extreme weight loss, severe pain, bone aches, depression, loss of appetite, inability to sleep, numbness in fingers and toes, and anemia.

Although this Court previously modified Rodney's conditions of release to remove electronic monitoring while he is an inpatient at the hospital, he is now asking that the electronic monitoring condition be removed altogether. Rodney is very thin and the device is uncomfortable. Pretrial Services in Los Angeles has recommended its removal.

In addition, Rodney is asking that his conditions be modified so as to be able to leave his residence with prior approval of Pretrial Services. His current conditions only permit him to leave his residence for medical and legal appointments. Although he may not physically be able to leave, if he is able to find the strength it would help him in fighting his cancer, both mentally and physically, to be able to leave the house in order to get some light exercise, attend church services, go to cancer support meetings and for other minimal

5

activities, including, for example, eating a meal out with his fiancé.

Rodney's supervising Pretrial Services Officer Rachel Schnayerson, located in Los Angeles, and Pretrial Services Officer Julie A. Wall, located in Hawaii, have advised that they have no objection to the requested modifications of conditions of release. Assistant U.S. Attorney Thomas Brady has also spoken with Pretrial Services and he agrees to stipulate to the requested modifications of conditions of release.

Pretrial Services Officers further advised that Rodney has been in full compliance with his conditions of release. Pretrial Services Officer Rachel Schnayerson advised that Rodney's fiancé, custodian, and surety Faustine Filimona has been in regular contact with her when Rodney is not able to report personally due to his medical conditions and when he is able to he has reported as required.

Based on the above, it is respectfully requested that the Order modifying Rodney's conditions of release be granted.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration is executed on November 20, 2006, at San Francisco, California.

_____
JAMES BUSTAMANTE